Judge Hellerstein              08 CV 3470

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUSAN MANCA,



                              Plaintiff,

        -against-                              Civil Action No.

CITY OF NEW YORK and NEW YORK CITY        **DEMAND FOR JURY**
DEPARTMENT OF ENVIRONMENTAL
PROTECTION,

                              Defendants.
------------------------------------------------------------X

       Plaintiff, by her attorneys, Levy Ratner, P.C., complain of the Defendants as follows:

### INTRODUCTION

       This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 261, et seq., New York Executive Law §§ 290 and 296, and New York City Local Law 59 of 1986, as amended by Local Rule 39 of 1991, § 8-101, et seq., as hereinafter more fully appears. Plaintiff seeks declaratory relief, and compensatory and punitive damages for violations of her rights.

### JURISDICTION AND VENUE

       1.      Jurisdiction is conferred by 28 U.S.C. § 1331, as the action seeks to redress the deprivation of rights secured under the Constitution and laws of the United States.

       2.      The Parties reside, and the cause of action arose, within the Southern District of New York.

{Worldox Files\NU643\001\04\08000381.DOC}

3. This lawsuit is commenced within ninety (90) days of Plaintiff's notification by the U.S. Department of Justice that she has a right to sue. (A copy of the notice of right to sue is annexed hereto as Exhibit "A").

## PARTIES

4. Plaintiff Susan Manca is a sixty (60) year-old woman who has been employed by the New York City Department of Environmental Protection as a per diem Administrative Law Judge since 1990.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York. Defendant City is an "employer" as defined by Title VII.

6. Defendant New York City Department of Environmental Protection ("DEP") is a department, bureau and/or subdivision of the City of New York.

## ALLEGATIONS OF FACT

7. On or around March 14, 2005, Defendants posted a job vacancy notice for two (2) vacant Level III Agency Attorney positions in the Environmental Control Board's Appeals Unit. The Environmental Control Board is the DEP's administrative hearing tribunal.

8. The top posted salary for these positions was $65,011 for full-time employees who had worked for New York City for at least one year prior to July 1, 2004. The posted salary for new employees without New York City employment experience was $56,531.

9. The job vacancy notice also stated that in order to obtain one of the Level III positions, incumbents must have either two (2) years of experience in a Level I or Level II

position or three (3) years of experience in areas of law related to the job, subsequent to admission to the bar.

10. Plaintiff applied for one of the vacant positions, and – having worked for the City since 1990, in a closely related area of law – she anticipated that she would earn $65,011 if hired for the position. Plaintiff was willing to accept this salary. However, Plaintiff was informed by Defendants that she would only be eligible for the $56,531 salary for new employees without a history of New York City employment.

11. For the first posted vacancy, Defendants hired Ilya Novofastovsky, a 32 year-old male with no prior New York City employment history. Novofastovsky was hired at a salary of $70,000, which was not only well above the highest posted salary, but also 20% more than the salary that Plaintiff was told she would have been paid. Novofastovsky, in fact, lacked the minimum level of relevant experience required to be hired for a Level III position, according to the job vacancy notice.

12. Defendants have admitted that:

A. Plaintiff met the minimum qualifications necessary for the Appeals Unit position; and

B. In light of her experience and employment history, Plaintiff would have been entitled to the highest posted salary of $65,011 had she been hired.

13. Plaintiff has all of the skills and qualities necessary for the Agency Attorney Level III position, and Defendants' failure to hire her was the result of discrimination on the

3

basis of sex and age. Defendants' stated reasons for hiring Novofastovsky ahead of Plaintiff are purely pretextual.

14. Defendants engaged in continuing discrimination and retaliation when it refused to consider Plaintiff as a candidate for the second unfilled Agency Attorney Level III position in the Appeals Unit. Plaintiff applied for the position on March 3, 2006.

15. Defendants' claim that Plaintiff applied for the position too late is belied by the fact that Defendants did not appoint anyone to the position until August 15, 2006. At that time, Plaintiff's charges of discrimination had been filed with the U.S. Equal Employment Opportunity Commission ("EEOC"), and Defendants appointed a woman over forty (40), at a salary of $76,921. This is 27% more than the salary to which Plaintiff was initially told she would be entitled.

16. The individual who was appointed to the second Appeals Unit position, Vivienne Kahng, had no appeals experience at the time of her selection for the position.

17. By the above acts, Defendants have discriminated and retaliated against Plaintiff in violation of Federal, State and local law.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered 1 though 17 hereof with the same force and effect as if again set froth here at length.

19. The actions of Defendants as set forth above constitute discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 261, et seq.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered 1 though 19 hereof with the same force and effect as if again set froth here at length.

21. The actions of Defendants as set forth above constitute a violation of New York Executive Law §§ 290 and 296.

## AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered 1 though 21 hereof with the same force and effect as if again set froth here at length.

23. The actions of Defendants as set forth above constitute a violation of New York City Local Law 59 of 1986, as amended by Local Rule 39 of 1991, § 8-101, et seq.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

24. Compensatory damages in the amount of $1,000,000.00, including damages for loss of salary and benefits, mental and emotional distress, humiliation and anguish;

25. Punitive damages in the amount of $1,000,000.00, as Defendants acted in willful disregard of Plaintiff's rights, including retaliating against her for filing charges of discrimination.

26. Recovery of reasonable attorneys fees and costs from Defendants;

27. Such other and further relief as this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury in this action.

Dated: April 8, 2008
      New York, New York

LEVY RATNER, P.C.

By: Richard A. Levy (RL5154)
Dana Lossia (DL6603)
Attorneys for Plaintiff
80 Eighth Avenue
New York, New York 10011
Tel. (212) 627-8100
Fax (212) 627-8182
rlevy@lrbpc.com
dlossia@lrbpc.com

**EXHIBIT A**

Case 1:08-cv-03470-AKH   Document 1   Filed 04/09/2008   Page 7 of 13

**EXHIBIT A**



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5054 7530

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

March 13, 2008

Ms. Susan Manca
c/o Richard A. Levy, Esquire
Law Offices of Levy & Ratner
Attorney at Law
80 Eighth Ave.
New York, NY  10011-5126

Re: EEOC Charge Against New York City Dept. of Environmental Protections, et al.
    No. 520200602405

Dear Ms. Manca:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              Grace Chung Becker
                        Acting Assistant Attorney General
                              Civil Rights Division

                        by  *Karen J. Ferguson*
                              Karen L. Ferguson
                        Supervisory Civil Rights Analyst
                        Employment Litigation Section

cc: Boston Area Office, EEOC
    New York City Dept. of Environmental Protections, et al.

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Susan Manca**<br>125 Riverside Drive<br>#913<br>New York, NY 10024 | From: **Boston Area Office**<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-02405 | **Feng K. An,**<br>**Supervisory Investigator** | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Robert L. Sanders,
Area Office Director

MAR 1 3 2008
*(Date Mailed)*

Enclosures(s)

cc: **New York Department of Environmental Protections**
c/o Edie Kantrowitz, Esq.
59-17 Junction Blvd, 18th Fl.
Flushing, NY 11373



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5054 7530

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

March 13, 2008

Ms. Susan Manca
c/o Richard A. Levy, Esquire
Law Offices of Levy & Ratner
Attorney at Law
80 Eighth Ave.
New York, NY 10011-5126

Re: EEOC Charge Against New York City Dept. of Environmental Protections, et al.
 No. 520200602405

Dear Ms. Manca:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by *Karen J. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Boston Area Office, EEOC
 New York City Dept. of Environmental Protections, et al.

Case 1:08-cv-03470-AKH  Document 1  Filed 04/09/2008  Page 11 of 13



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5054 7530

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

March 13, 2008

Ms. Susan Manca
c/o Richard A. Levy, Esquire
Law Offices of Levy & Ratner
Attorney at Law
80 Eighth Ave.
New York, NY 10011-5126

Re: EEOC Charge Against New York City Dept. of Environmental Protections, et al.
    No. 520200602405

Dear Ms. Manca:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Grace Chung Becker
Acting Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*
    Karen L. Ferguson
    Supervisory Civil Rights Analyst
    Employment Litigation Section

cc: Boston Area Office, EEOC
    New York City Dept. of Environmental Protections, et al.

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Susan Manca<br>125 Riverside Drive<br>#913<br>New York, NY 10024 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-02405 | Feng K. An,<br>Supervisory Investigator | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Enclosures(s)

Robert L. Sanders,
Area Office Director

MAR 1 3 2008
*(Date Mailed)*

cc: **New York Department of Envrionmental Protections**
c/o Edie Kantrowitz, Esq.
59-17 Junction Blvd, 18th Fl.
Flushing, NY 11373

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Susan Manca<br>125 Riverside Drive<br>#913<br>New York, NY 10024 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-02405 | Feng K. An,<br>Supervisory Investigator | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*                                    MAR 13 2008

Enclosures(s)       Robert L. Sanders,                     *(Date Mailed)*
                    Area Office Director

cc:   New York Department of Envrionmental Protections
      c/o Edie Kantrowitz, Esq.
      59-17 Junction Blvd, 18th Fl.
      Flushing, NY 11373