UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SUSAN MANCA,

                                  Plaintiff,

                - against -

CITY OF NEW YORK and NEW YORK CITY
DEPARTMENT OF ENVIRONMENTAL PROTECTION,

                                  Defendants.

------------------------------------------------------------------------x

**ANSWER**

08 Civ. 3470 (AKH)

        Defendants City of New York and the New York City Department of Environmental Protection ("DEP"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, dated April 8, 2008, respectfully allege as follows:

        1.    Deny the allegations set forth in the first unnumbered paragraph of the Complaint, except admit that plaintiff purports to proceed as set forth therein. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed and invoke the jurisdiction of this Court as set forth therein.

        2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint, except admit that defendants City of New York and DEP both maintain offices within the county of New York, and that plaintiff purports to state the basis for venue in this Court as set forth therein.

        3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff commenced the instant action within ninety (90) days of the date depicted on the right to sue letter that plaintiff has annexed to the Complaint as Exhibit "A."

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, except admit that, upon information and belief, plaintiff is female and has been employed by defendant DEP as a part-time per diem Administrative Law Judge ("ALJ") since 1990.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that defendant City of New York is a municipal corporation organized and existing under the laws of the State of New York. The allegation that the City of New York is an "employer" as defined by Title VII is a conclusion of law for which no response is required.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that defendant DEP is a department and agency of the City of New York.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that, in March 2005, defendant DEP posted a job vacancy notice advertising two full-time Provisional Agency Attorney (Level 3) positions in the Environmental Control Board's ("ECB's") Appeals Unit.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the posted salary for full-time employees with at least one year of New York City experience prior to July 1, 2004 was $65,011 per annum.

9. Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff applied for one of the Agency Attorney positions and was informed that, were she selected, she would be offered the salary of $56,531 specified on the posting notice for new employees.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Ilya Novofastovsky was selected to fill one of the two Agency Attorney positions, that he is a male, and that the salary at which he was hired was $70,000 per annum.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiff met the minimum qualifications for the Agency Attorney position as indicated in the posting notice.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the second Agency Attorney position was filled by a woman over forty (40) years of age who was hired at a starting salary of $76,921 per annum.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that the woman who was hired to fill the second Agency Attorney position was Vivienne Kahng.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. In response to paragraph "18" of the Complaint, defendants repeat and reiterate their responses to each and every paragraph numbered "1" through "17" of the Complaint as if fully set forth herein.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. In response to paragraph "20" of the Complaint, defendants repeat and reiterate their responses to each and every paragraph numbered "1" through "19" of the Complaint as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. In response to paragraph "22" of the Complaint, defendants repeat and reiterate their responses to each and every paragraph numbered "1" through "21" of the Complaint as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Paragraph "24" of the Complaint asserts a request for relief for which no response is required.

25. Paragraph "25" of the Complaint asserts a request for relief for which no response is required.

26. Paragraph "26" of the Complaint asserts a request for relief for which no response is required.

27. Paragraph "27" of the Complaint asserts a request for relief for which no response is required.

**AS AND FOR A FIRST DEFENSE:**

28. The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE:**

29. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

**AS AND FOR A THIRD DEFENSE**

30. Any Title VII or ADEA claims contained in the federal complaint which were not also contained in plaintiff's charge of discrimination filed with the EEOC must be dismissed for failure to exhaust administrative remedies.

-5-

### AS AND FOR A FOURTH DEFENSE:

31. Upon information and belief, the damage claims contained in the Complaint are barred, in whole or in part, by plaintiff's failure to mitigate damages.

### AS AND FOR AN FIFTH DEFENSE:

32. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

### AS AND FOR A SIXTH DEFENSE:

33. Defendants had legitimate business reasons for taking any of the alleged discriminatory acts complained of by plaintiff.

### AS AND FOR A SEVENTH DEFENSE:

34. Plaintiff's state law claims fail to state a cause of action because plaintiff has failed to comply with the applicable notice of claim requirements.

**WHEREFORE,** defendants request judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	May 1, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 2-138
                                    New York, New York 10007
                                    (212) 788-0866
                                    cseacord@law.nyc.gov

                            By:	            /S/            
                                    Christopher A. Seacord (CS 0821)
                                    Assistant Corporation Counsel


To:	Dana Lossia, Esq. (By ECF)
	Levy Ratner, P.C.
	Attorneys for Plaintiff
	80 Eighth Avenue
	New York, New York 10011
	(212) 627-8100

08 Civ. 3470 (AKH)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| SUSAN MANCA,<br><br>                                                                Plaintiff,<br><br>- against -<br><br>CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>                                                                Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street, 2-138*<br>*New York, New York  10007-2601*<br><br>*Of Counsel:  Christopher A. Seacord*<br>*Tel:  (212) 788-0866*<br>*Matter No.  2008-014941* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ...................................................... , 200..*<br><br>*Signed ............................................................................*<br><br>*Attorney for .....................................................................* |